## Smith, Appellant, *v.* Moore.

Where there is no husband or wife, the next of kin is entitled to the administration of the estate of the deceased, unless under twenty-one years of age, of unsound mind, incapable, according to law, of making a contract, or a convict of some crime rendering him infamous.

A judge cannot give judgment upon his private knowledge, but must render it according to law and evidence.

Where the judge of probate refused administration of an estate to the next of kin, on the ground of *mania a potu*, as a fact within the knowledge of the court: *Held*, to be irregular. The judge must be sworn as a witness as to facts within his own knowledge.

APPEAL from the probate court of Clairborne county.

Maury and Thorp, for the appellant.

Mr. Justice TROTTER delivered the opinion of the court.

This is an apppeal from the probate court of Clairborne county.

The record states that, at a regular term of said court, held on the 22d day of October, 1838, before N. M'Dougall, Esq., the judge thereof, the appellant made an application for letters of administration, to be granted to him of the estate of his deceased brother, Samuel Smith. It shows that he was brother of the deceased, and also that he was next of kin, and entitled to distribution under the statute of this state.

By the 54th section of the orphans' court law, Rev. Code, p. 43, it is enacted amongst other things, that "such court shall grant letters of administration to the representatives who apply for the same, preferring first the husband or wife, and then such others as are next entitled to distribution," &c.

The deceased had no wife or children, and the appellant was therefore clearly entitled to the administration of his estate, unless he was disalifiqued according to the provisions of the 60th section of the orphans' court law, by being either "under twenty-one years of age, of unsound mind, incapable, according to law, of

[Smith, Appellant, *v.* Moore.]

making a contract, or convict of some crime rendering him infamous.

The 61st section of the same law provides, that no question respecting age or infamy shall be determined by the court without summoning the person entitled to administration, and *alleged* to be under age or infamous, &c.; when the person is in court, and his right is objected to on either of the grounds before mentioned, it is made the duty of the court to decide such questions in the same manner that it does any other which may arise before it, that is, by the evidence adduced in support of the allegations and against them. In this case, the court refused the administration to the appellant, and granted it to a stranger.

Immediately following the judgment of the court, is a statement by the judge, of the reason of his decision.

They are in substance, that the appellant had been for some time prior to his application, laboring under *mania a potu,* and had continued in that condition until about four weeks before the then session of the court, and also that he was so intemperate in the opinion of the court, as to render him utterly incapable of transacting business.

That the deceased, a short time before his death, had stated to the judge, that he had made a will, and appointed James Moore (to whom administration was granted) to settle his business, and that the court was satisfied that Samuel Smith, the deceased, made a will, &c.

The bill of exceptions which was taken to the opinion of the court, shows that no proof of any sort was introduced, and that the judge decided from his private knowledge and impressions made upon him by the representations of deceased. It also shows that this knowledge and these impressions, were confined to the breast of the court, until after its decision.

The error assigned is, the judgment of the court upon this statement of the case. The court in this instance appears to have acted with a commendable solicitude to prevent an injury to the estate of the deceased, and if the facts existed as stated, it was no demonstration of unkindness to Jesse Smith, or of hostility to his interests, to withhold from him a trust, the indiscreet or unskilful management of which, must necessarily diminish *his*

[Smith, Appellant, *v.* Moore.]

fortune as well as that of the other distributees, if any.   The question, however, which is presented for our consideration, is, whether the judge in this case, had that judicial knowledge of the facts stated by him which was necessary to attach to them any influence.

It is a settled maxim, that a judge has a private and a judicial knowledge.   But he cannot give a judgment upon his private knowledge; for he is obliged to give it according to law and what is proved.   If he has a private knowledge of a fact, he may be sworn as a witness, and then the parties have an opportunity to examine and cross-examine him, and to introduce explanatory or counteracting proof.

But how is this invaluable right to. be preserved, if the judge keeps the facts locked up in his own breast until he decides?

A judge stands in this respect upon ground analogous to a juror who may happen to know any thing of the case submitted to him.   In that case, he must be sworn, and if he finds a verdict, upon his mere private knowledge, it is error, and the verdict will be set aside.   Starkie's Evidence, 449; 3 Blackstone's Com. 375.

We are of opinion, therefore, that there was no legal proof before the orphans' court of the appellant's disqualification, and that the decision of that court in this case, ought to be reversed. Let the judgment be reversed, and the cause be remanded for further proceedings.